UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT D. RIZZI,

    Petitioner,

-vs-                                        Case No. 8:07-CV-1522-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Vincent Rizzi (hereinafter "Rizzi" or "Petitioner"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") (Dkt. # 1). The Court has considered the petition and Respondent's response (Dkt. # 15) which asserts, *inter alia*, that the petition is time barred. Petitioner did not file a reply to the response/motion to dismiss. Upon review, the Court determines that the petition must be dismissed because it is time barred.

## Procedural Background

Rizzi was charged with first degree murder. He was tried by a jury, and the jury found him guilty of first degree murder. On June 25, 1999, Rizzi was sentenced to life in prison. Rizzi appealed his conviction. On September 14, 2001, the Second District Court of Appeal affirmed Rizzi's conviction. *Rizzi v. State*, 796 So. 2d 1174 (Fla. 2d DCA 2001)[table].

On April 7, 2003, Rizzi filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state trial court finally denied all grounds of the 3.850 motion on July 11, 2005. Rizzi appealed. The Second District Court of Appeal affirmed the trial court's order without opinion on January 24, 2007. *Rizzi v. State*, 947 So. 2d 1174 (Fla. 2d DCA 2007) [table]. The mandate issued on February 14, 2007.

Rizzi signed his federal habeas petition in this Court on August 23, 2007.

### **Timeliness**

Rizzi's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one year period within which a Section 2254 federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). Rizzi filed his petition more than one year after his judgment became final and it is therefore time barred.

Rizzi's judgment became final on December 13, 2001, ninety days after the state appellate court filed its opinion on direct review from his resentencing judgment. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Unless the period is tolled by a motion for collateral review, Rizzi had until December 13, 2002, to file his federal petition. Rizzi's Rule 3.850 motion for post-conviction relief, filed April 7, 2003, did not toll the running of the one-year limitations period because that one-year period expired on December 13, 2002. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)(a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period has expired prior to filing the motion). Thus, the instant federal habeas petition, signed August 23, 2007, is untimely.

2

Rizzi acknowledges in his petition that his petition is time barred, but contends that he is entitled to equitable tolling, and that he is entitled to review of the merits of his claims because he is actually innocent of premeditated murder.

**<u>Equitable tolling</u>**

Rizzi asserts entitlement to equitable tolling because his attorney was confused as to when AEDPA's one-year limitations period commenced, and the attorney did not file the Rule 3.850 post-conviction motion until after expiration of AEDPA's limitations period. He further asserts that in 2007, after the state appellate court affirmed the denial of his post-conviction motion on January 24, 2007, he attempted to hire another attorney to pursue federal habeas relief. The attorney, however, did not respond to his calls or letters, and held onto Rizzi's case file until August 1, 2007.

Equitable tolling is permitted when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F. 3d 1269 (11th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990). Attorney negligence or miscalculation or misinterpretation of the limitation period does not support equitable tolling. *See Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008); *Steed v. Head*, 219 F. 3d 1298 (11th Cir. 2000). Therefore, Petitioner's late filing, even if the result of misadvice, or miscalculation of the limitations time period, is not entitled

to equitable tolling.[1] Moreover, Rizzi's claim that he was without his case file for an unspecified period of time in 2007 does not show extraordinary circumstances permitting equitable tolling as the alleged deprivation of his case file occurred well after the limitations period expired.

**Actual Innocence**

Assuming, without deciding, that proof of actual innocence renders AEDPA's one year limitation inapplicable, Rizzi has not shown that he is actually innocent of the charge for which he was convicted.[2] "Actual innocence" means factual innocence, not mere legal insufficiency. *United States v. Jones*, 153 F.3d 1305, 1308 (11th Cir. 1998), *Bousley v. United States*, 523 U.S. 614, 623 (1998). Rizzi essentially claims that there was a lack of proof of premeditation, and that the State used perjured expert testimony. Rizzi can not support an actual innocence claim by suggesting legal insufficiency of his conviction. Rizzi's claim of actual innocence fails because he has failed to provide any "reliable evidence

---

[1]Furthermore, Rizzi's claim that his attorney delayed in filing the post-conviction motion because the FBI did not respond to his attorney's request for records under the Freedom of Information Act does not warrant equitable tolling (See Dkt. 1 at pgs. 21-22). Petitioner's lack of access to the records did not constitute an unconstitutional impediment sufficient to toll the statute of limitations. *See, e.g.*, *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not extend the limitations period or warrant equitable tolling). Petitioner does not demonstrate that he was unable to file a post-conviction motion without the records, and in fact his attorney apparently did file the post-conviction motion without the benefit of the records. Moreover, in 2001, the FBI did respond to Rizzi's previous attorney's request for the records, but Rizzi was either unwilling or unable to pay the cost for copying the records (Dkt. 1 at pgs. 21-22). Rizzi does not show that he was entitled to free copies of the records.

[2]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed …."

4

not presented at trial" in support of his claim. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). In sum, Rizzi has not asserted any facts to support a claim of actual innocence. *See Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (the actual innocence exception is not available unless petitioner shows, as a factual matter, that he did not commit the crime of conviction).

## Conclusion

For the foregoing reasons, the Court determines that the petition is time barred. Furthermore, Petitioner is not entitled to equitable tolling, and he has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence. Nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S. 478, 495-99 (1986).

Accordingly, the Court **ORDERS** that:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 9, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
　　　　Counsel of Record